1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

David M. Goodrich
Chapter 7 Trustee
  *goodrichtrustee@sulmeyerlaw.com*
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>MEDOMICS, LLC,<br><br>            Debtor. | Case No. 2:16-bk-14355-NB<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF PERSONAL PROPERTY OUT OF THE ORDINARY COURSE OF BUSINESS AND FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS; (2) DETERMINING THAT BUYER IS A GOOD FAITH PURCHASER; AND (3) WAIVING THE FOURTEEN (14) DAY STAY PRESCRIBED BY RULE 6004(H) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF DAVID M. GOODRICH AND STEVE SOMMER IN SUPPORT THEREOF**<br><br>[11 U.S.C. §§ 363(b)(1), 541;<br>Fed. R. Bankr. P. 6004 & 6006, 9019(a)]<br><br>DATE:    August 8, 2017<br>TIME:    2:00 p.m.<br>Place:    Courtroom 1545<br>  United States Bankruptcy Court<br>  Roybal Federal Building<br>  255 East Temple Street<br>  Los Angeles, CA 90012 |

*Sulmeyer*Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

ALS\ 2589396.1

1

## TABLE OF CONTENTS

2                                                                                      **Page**

3    MEMORANDUM OF POINTS AND AUTHORITIES ........................................................3

4    I. STATEMENT OF FACTS .............................................................................................3

        A.      REQUEST FOR AUTHORITY TO SELL PROPERTY .........................3

5
                a.      Intent To Bid And Overbid Amount ...................................4
6
                b.      Evidence Of Financial Ability To Perform .......................4
7
                c.      Auction .................................................................................4
8
                d.      Tender Of Balance Of Purchase Price................................4
9
                e.      Agreement To Terms And Overbid Procedures................5

        2.      THE PROPOSED SALE SHOULD BE APPROVED .........................5
10
                a.      The Value To The Estate Is Adequate................................5
11
                b.      The Sale Is In The Best Interest Of The Estate .................5
12
                c.      The Sale Is Proposed In Good Faith....................................6
13
                d.      Notice ...................................................................................6
14
                e.      Tax Consequences Of The Sale ..........................................6

        3.      THE   PROPOSED   TREATMENT   OF   LIENS   IF   SALE   IS
15              APPROVED    AND    AUTHORITY    SUPPORTING    SUCH
                TREATMENT ..........................................................................................7
16
        4.      REQUEST FOR WAIVER OF 14-DAY STAY...........................8
17
        5.      REQUEST FOR GOOD FAITH FINDING .................................8

18   II. CONCLUSION ............................................................................................................9

19   DECLARATION OF DAVID M. GOODRICH.....................................................................10

20   DECLARATION OF STEVE SOMMER...............................................................................12

21

22

23

24

25

26

27

28

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1

2

# **TABLE OF AUTHORITIES**

**Page(s)**

3

## **CASES**

4  *In re Abbotts Dairies of Pennsylvania, Inc.*
           788 F.2d 143 (3rd Cir. 1986)..................................................................6, 8

5

6  *In re Ewell*
           958 F.2d 276 (9th Cir. 1992)............................................................................8

7  *In re Indus. Valley Refrigeration & Air Conditioning Supplies, Inc.*
           77 B.R. 15 (Bankr. E.D. Pa. 1987)...................................................................8

8

9  *In re M Capital Corp.*
           290 B.R. 743 (9th Cir. BAP 2003)...................................................................6

10  *In re Pine Coast Enterprise, Ltd.*
           147 B.R. 30 (Bankr. N.D. Ill. 1992).................................................................6

11

12  *In re Suchy*
           786 F.2d 900 (9th Cir. 1985)............................................................................8

13  *Institutional Creditors of Continental Air Lines, Inc. v. Continental Airlines, Inc. (In re
           Continental Airlines, Inc.)*
14           780 F.2d 1223 (5th Cir. 1986)..........................................................................5

15  *Kham and Nate's Shoes No. 2 v. First Bank*
           908 F.2d 1351 (7th Cir. 1990)..........................................................................6

16

17  *Veltman v. Whetzal*
           93 F.3d 517 (8th Cir. 1996)..............................................................................7

18  *Walter v. Sunwest Bank (In re Walter)*
           83 B.R. 14 (9th Cir. BAP 1988)........................................................................5

19

20

## **STATUTES**

21  11 U.S.C. § 363(b)(1).................................................................................1, 5, 6

22  11 U.S.C.
           § 704(1)..............................................................................................................5

23

24

## **RULES**

25  Fed. R. Bank. P.
           Rule 6004(g)......................................................................................................8

26

27  Fed. R. Bank. P.
           Rule 6004(h)...............................................................................................2, 8, 9

28

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

Fed. R. Bankr. P.
    Rule 6004 ................................................................................................................. 1, 8

Fed. R. Bankr. P.
    Rule 6006 ................................................................................................................. 1

Fed. R. Bankr. P.
    Rule 9019(a) ............................................................................................................ 1

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  **TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE; THE**

2  **DEBTOR AND ITS COUNSEL; THE OFFICE OF THE UNITED STATES TRUSTEE; AND**

3  **ALL INTERESTED PARTIES**:

4      David M. Goodrich, the duly appointed and acting Chapter 7 trustee ("Trustee") of the

5  bankruptcy estate ("Estate") of MEDomics, LLC ("Debtor"), hereby moves this Court for an order

6  approving the *Sale Agreement* between the Trustee and Steve Sommer ("Buyer") (collectively, the

7  Trustee and Buyer are referred to as the "Parties"), a copy of which is attached hereto as **Exhibit 1**

8  ("Agreement").  The Agreement provides for, among other things, the sale of the Estate's interest in

9  the "MEDomics" name, and any and all forms of such name used by Debtor prior to the Petition Date,

10 including any and all domain names and URL's ("Property"). The Trustee is not selling any of the

11 other assets of the Estate.  The Buyer has agreed to purchase the Property from the Estate in exchange

12 for the total sum payment of $5,000.00 ("Purchase Price").

13     The proposed sale is subject to overbid. The Trustee is seeking approval of the proposed

14 overbid procedures more particularly described below.  Other potential buyers may submit overbids

15 at the hearing on this Motion so long as they are pre-qualified by the Trustee before the hearing.

16     This Motion is made pursuant to 11 U.S.C. § 363(b)(1), and Federal Rules of Bankruptcy

17 Procedure 6004, 6006 and 9019(a) on the grounds that, based on the Trustee's sound business

18 justification, the Trustee believes the proposed sale of the Property as set forth herein is in the best

19 interests of the Estate.  The provisions of the Agreement are expressly conditioned and shall only

20 become effective and binding upon the Parties if and when the Bankruptcy Court enters a final, non-

21 appealable order authorizing the sale of the Property on the terms and conditions set forth in this

22 Agreement.

23     This Motion is based on the accompanying Memorandum of Points and Authorities, the

24 Declarations of David M. Goodrich and Steve Sommer, the concurrently-filed Local Rule Form

25 6004-2, the record in this case, all facts and documents that are judicially noticeable and any other

26 or further evidence or argument presented to the Court prior to or at the hearing on the Motion.

27 / / /

28 / / /

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order:

1.    Approving the bidding procedures proposed herein;

2.    Authorizing the Trustee to sell the Estate's interest in the Property to Buyer, or any overbidder, on the terms and conditions specified in the Agreement because the proposed sale is in the best interest of the Estate and its creditors;

3.    Finding the sale is free and clear of all, liens claims and interests;

4.    Finding that the Buyer or any successful overbidder is a good faith purchaser as described in 11 U.S.C. § 363(m);

5.    Waiving the fourteen day stay period provided under FRBP 6004(h);

6.    Authorizing the Trustee to take any and all actions necessary or appropriate to effectuate the terms of the Agreement;

7.    Providing that the Court will retain jurisdiction over matters relating to the Agreement, including matters relating to title to the Property and claims against the Property; and

8.    Granting such other relief as the Court deems just and proper.

DATED:  July 10, 2017

By:    /s/ David M. Goodrich
       David M. Goodrich
       Chapter 7 Trustee

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES[1]

### I.

### STATEMENT OF FACTS

MEDomics, LLC ("Debtor") commenced this chapter 11 case by filing a voluntary petition for relief on April 5, 2016 ("Petition Date"). The Debtor operated as a debtor in possession until June 15, 2016, when the Court entered its order approving the appointment of a Chapter 11 Trustee [Docket No. 114]. No creditors' committee was appointed.

On December 16, 2016, this Court entered an order converting this case to one under Chapter 7 of the Bankruptcy Code [Docket No. 228]. Subsequently, the Trustee was reappointed as the Chapter 7 Trustee of the Estate. Upon his appointment, the Trustee became tasked with liquidating the Debtor's assets, including the Property, for the benefit of the Estate's creditors.

After negotiating the potential sale of the Property, the Trustee has entered into a written agreement with the Buyer, which is attached hereto as **Exhibit 1**, subject to Court approval and overbidding. The Property to be sold is the Estate's right, title and interest in the "MEDomics" name, and any and all forms of such name used by Debtor prior to the Petition Date, including any and all domain names and URL's. The Trustee is not selling any of the other assets of the Estate. The Buyer agrees to purchase the Property from the Estate in exchange for the total sum payment of $5,000.00 ("Purchase Price"), on an "as-is" basis, with all faults and without any warranties or representations from the Trustee.

### A.    REQUEST FOR AUTHORITY TO SELL PROPERTY

The Trustee seeks authority to sell the Property as well as establish overbid procedures in the event a third party or parties wish to purchase the Property. Sufficient grounds for authorizing the sale as well as approving the Trustee's proposed overbid procedures are present. As such, the Court should authorize the sale and proposed overbid procedures submitted by the Trustee.

---

[1] Terms not defined herein have the same meaning ascribed to them in the foregoing Motion.

## PROPOSED OVERBID PROCEDURES

This Sale is subject to overbid.  Interested bidders may submit overbids at the sale hearing so long as the procedures described herein are met.  If an overbidder is qualified for bidding, the Trustee requests that the Court adopt the following overbid procedures  ("Overbid Procedures"):

### a.    Intent To Bid And Overbid Amount

Any party wishing to bid on the Property ("Overbidder") shall advise the Trustee of their intent to bid on the Property and the amount of their overbid (which must be at least $500.00 more than the current selling price of $5,000.00) ("Initial Overbid"), by no later than 12:00 p.m., PDT, on August 7, 2017 ("Overbid Deadline").  In his absolute and sole discretion, the Trustee shall have the right to accept additional overbids submitted prior to the hearing but after the Overbid Deadline.  Any Overbids subsequent to the Initial Overbid of $5,500.00 will be in additional increments of not less than $250.00, commencing with the bid amount of $5,750.00.

### b.    Evidence Of Financial Ability To Perform

Any Overbidder must provide the Trustee with evidence of the proposed Overbidder's financial ability to pay the full amount of the Initial Overbid by the Overbid Deadline.

### c.    Auction

All parties who have submitted timely bids and otherwise satisfied the foregoing requirements will be able to participate in an auction to be conducted at the hearing on the Motion.

The Trustee will request authority to sell the Estate's interest in the Property to the bidder with the highest Overbid ("Winning Bidder"), and for authority to sell the Estate's interest in the Property to the next highest bidder if the Winning Bidder fails to perform.  To be considered the "highest overbid," any overbid must be on the same terms and conditions of the Agreement.

### d.    Tender Of Balance Of Purchase Price

The Winning Bidder, to the extent it is not the Buyer, must tender the total purchase price to the Trustee via cashier's check within fourteen (14) calendar days following entry of the order approving the sale of the Estate's interest in the Property to such buyer.  To the extent the Winning Bidder fails to tender the purchase price by such date, the Trustee shall be authorized to sell the Property to the Buyer for the terms stated in the Agreement.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

e.    **Agreement To Terms And Overbid Procedures**

Any Overbidder's Initial Overbid shall serve as that Overbidder's agreement with these proposed overbid procedures and the terms of sale of the Estate's interest in the Property discussed herein.

## 2.    THE PROPOSED SALE SHOULD BE APPROVED

a.    **The Value To The Estate Is Adequate**

The Trustee has investigated the Property and believes that it has little value, if any.  The price reflects an amount bargained for by the Trustee and the Buyer.  And should the price be less than adequate, the ability to overbid for the Property by third parties will ensure the highest price is received.  Further, to maximize the return to the Estate from the proposed sale, the Trustee has negotiated the proposed sale, drafted the Agreement, drafted this motion without counsel and will represent himself at the hearing on this Motion.

b.    **The Sale Is In The Best Interest Of The Estate**

The Trustee has the statutory duty to, among other things, "collect and reduce to money the property of the estate" and "close such estate as expeditiously as is compatible with the best interests of parties in interest."  11 U.S.C. § 704(1).  As a means of accomplishing this task, the trustee may sell property of the estate outside the ordinary course of business.  11 U.S.C. § 363(b)(1).  Before approving a proposed sale, courts require that the trustee articulate some business justification for the sale.  *See, e.g., Institutional Creditors of Continental Air Lines, Inc. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986).  Whether the proffered business justification is sufficient depends on all salient factors, including the value of the property, whether the property is increasing or decreasing in value, etc.  *See Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19-20 (9th Cir. BAP 1988).

The aforementioned standard has been satisfied in this case.  First, the sale will provide a clear benefit to the Estate.  The Estate will receive the entire $5,000.00 from the sale.  The Buyer's offer is the only pending offer made for the Property and is the only offer likely to be made.  If the Property is not sold to the Buyer, it will likely be abandoned.  Therefore, it is the Trustee's business judgment that the proposed sale is in the best interest of the Estate and should be approved.

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

### c.     The Sale Is Proposed In Good Faith

Although the Bankruptcy Code does not define the term "good faith," courts have provided guidance as to the appropriate factors to consider.  In essence, the purpose of § 363(m) is to disable courts from backtracking on promises with respect to bankruptcy sales in the absence of bad faith. *Kham and Nate's Shoes No. 2 v. First Bank*, 908 F.2d 1351, 1355 (7th Cir. 1990).  Generally speaking, the requirement that a purchaser act in good faith speaks to the integrity of his conduct in the course of the sale proceeding and focuses primarily on the disclosure of all material sale terms and the absence of fraud or collusion.  *See, In re Pine Coast Enterprise, Ltd.*, 147 B.R. 30, 33 (Bankr. N.D. Ill. 1992); *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 147 (3rd Cir. 1986).

As set forth in the Declarations of David M. Goodrich and Steve Sommer, the proposed sale is free of any bad faith and collusion.  And even though the Buyer is an insider of the Debtor, the proposed sale is the product of an arm's length negotiation between the Trustee and the Buyer. Pursuant to § 363(m), the Court should find that the proposed sale has been entered into in good faith. *See, In re M Capital Corp.*, 290 B.R. 743 (9th Cir. BAP 2003) (court may not make a finding of good faith in the absence of evidence, but may make such a finding if appropriate evidence is presented). To the extent the Property is sold to a Winning Bidder who is not the proposed Buyer, the Trustee requests that the Court also find the proposed sale to such bidder has been entered into in good faith, subject to the submission of one or more declarations upon which the Court deems appropriate to make such a finding.

### d.     Notice

The Trustee must give notice of any sale of property of the Estate.  11 U.S.C. § 363(b)(1).  In the instant matter, the Trustee will give notice to Debtor, the United States Trustee, all known creditors, and any other prospective buyers by serving a copy of the Notice of the Motion on each party (except a copy of the Motion will also be served on the United States Trustee).  Moreover, notice of the Sale of the Estate's interest in the Property and bidding procedures will be published on the website for the United States Bankruptcy Court for the Central District of California.

### e.     Tax Consequences Of The Sale

The Trustee has been advised that this Sale will generate no tax consequences to the Estate.

ALS\ 2589396.1                                                6

### 3. THE PROPOSED TREATMENT OF LIENS IF SALE IS APPROVED AND AUTHORITY SUPPORTING SUCH TREATMENT

The Trustee seeks authority to complete the sale free and clear of all liens, claims, and interests. The Trustee is not aware that any entity possesses a lien, claim, or interest in the Property. Pursuant to §363(f), a trustee may sell property of the bankruptcy estate "free and clear of any interest in such property of an entity," if any one of the following five conditions is met:

> (1)    Applicable non-bankruptcy law permits a sale of such property free and clear of such interest;
>
> (2)    Such entity consents;
>
> (3)    Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4)    Such interest is in bona fide dispute; or
>
> (5)    Such entity could be compelled, in a legal or equitable proceeding, to accept money satisfaction of such interest.

11 U.S.C. § 363(f).

Based upon the investigation of the Trustee, it appears the Property (i.e., the "MEDomics" name) is not secured by any lien. *See* Declaration of David M. Goodrich. Moreover, the Trustee is not aware of any other claim of right to the Property or any other ownership interest other than that of the Estate. *Id.*

Further, the Trustee is notifying all interested parties through the notice of Motion. Any party objecting to such sale may file their objection with the Court and be heard at the hearing on the Motion. If there is no objection, the parties will be deemed to have consented to the sale of the Property. *See Veltman v. Whetzal*, 93 F.3d 517 (8th Cir. 1996) (failure to object to proposed sale, coupled with agreement authorizing sale free of interest, constituted consent). Thus, pursuant to §363(f)(2), the Trustee may sell the Property free and clear of any interest of entities other than the bankruptcy estate because the noticed parties will be deemed to have consented to the sale of the Property if they make no objections to the sale.

///

///

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

### 4. <u>REQUEST FOR WAIVER OF 14-DAY STAY</u>

Rule 6004(h) provides that "An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." FRBP 6004(h).  The legislative history to Rule 6004 provides:

> The court may, in its discretion, order that Rule 6004(g) [now 6004(h)] is not applicable so that the property may be used, sold, or leased immediately in accordance with the order entered by the court. Alternatively, the court may order that the stay under Rule 6004(g) [now 6004(h)] is for a fixed period less than 10 [now 14] days.

Given the notice and full opportunity to object, respond, or participate in overbid procedures presented by this Motion, the Trustee believes that, unless there are objections to the Motion that are not consensually resolved, it is appropriate and good cause exists for the Court to order that Rule 6004(h) is not applicable, and the Estate's interest in the Property may be sold immediately. Accordingly, the Trustee requests that the Court authorize the sale to be effectuated immediately upon entry of the order approving this Motion.

### 5. <u>REQUEST FOR GOOD FAITH FINDING</u>

The proposed Buyer is good faith purchaser entitled to the protections of § 363(m). "Though the Bankruptcy Code and Rules do not provide a definition of good faith, courts generally have followed traditional equitable principles in holding that a good faith purchaser is one who buys 'in good faith' and 'for value.'" *In re Ewell*, 958 F.2d 276, 281 (9th Cir. 1992) (citing *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 147 (3rd Cir. 1986).  Lack of good faith may be shown by "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *In re Ewell*, 958 F.2d 276, 281 (9th Cir. 1992) (*quoting In re Suchy*, 786 F.2d 900, 902 (9th Cir. 1985)); *see also In re Indus. Valley Refrigeration & Air Conditioning Supplies, Inc.*, 77 B.R. 15, 17 (Bankr. E.D. Pa. 1987) (good faith requirement "focuses principally on the element of special treatment of the debtor's insiders in the sale transaction").

Here, the sale is not predicated on fraud or collusion.  While a sale to an insider does deserve heightened scrutiny, the Buyer negotiated the proposed sale with the Trustee. *See* Declarations of David M. Goodrich and Steve Sommer.  Further protecting the sale is the opportunity for overbidding.

1    If the proposed purchase price is inadequate, the opportunity to purchase the Property through

2    overbidding will provide an additional layer of protection to the Estate and its creditors.

3        Based upon the foregoing, good cause exists to make a finding that the Buyer or any

4    overbidders are purchasing the Property in "good faith" pursuant to § 363(m).

5                                        **II.**

6                                   **CONCLUSION**

7        For the reasons set forth above, the Trustee respectfully requests that the Court enter an order:

8        1.    Approving the bidding procedures proposed herein;

9        2.    Authorizing the Trustee to sell the Estate's interest in the Property to Buyer, or any

10   overbidder, on the terms and conditions specified in the Agreement because the proposed sale is in

11   the best interest of the Estate and its creditors;

12       3.    Finding the sale is free and clear of all, liens claims and interests;

13       4.    Finding that the Buyer or any successful overbidder is a good faith purchaser as

14   described in 11 U.S.C. § 363(m);

15       5.    Waiving the fourteen day stay period provided under FRBP 6004(h);

16       6.    Authorizing the Trustee to take any and all actions necessary or appropriate to

17   effectuate the terms of the Agreement;

18       7.    Providing that the Court will retain jurisdiction over matters relating to the Agreement,

19   including matters relating to title to the Property and claims against the Property; and

20       8.    Granting such other relief as the Court deems just and proper.

21

22   DATED:  July 10, 2017

23

24                            By:   */s/ David M. Goodrich* _____
                                    David M. Goodrich
25                                  Chapter 7 Trustee

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1

## DECLARATION OF DAVID M. GOODRICH[2]

2    I, David M. Goodrich, declare as follows:

3    1.    I am an individual over the age of eighteen, and I am the duly appointed, qualified

4 and acting Chapter 7 trustee of the bankruptcy estate of MEDomics, LLC.

5    2.    Except as otherwise indicated, all statements made herein are based on my personal

6 knowledge or my review of relevant documents.  If called to testify as a witness in this matter, I

7 could and would competently testify under oath to the truth of the statements set forth herein.

8    3.    The Debtor commenced this Chapter 11 case by filing a voluntary petition for relief

9 on April 5, 2016.

10    4.    On December 16, 2016, this Court entered an order converting this case to one under

11 Chapter 7 of the Bankruptcy Code.

12    5.    Subsequently, I was appointed as the Chapter 7 Trustee of the Estate.

13    6.    I have entered into a written Agreement with the Buyer, which is attached hereto as

14 **Exhibit 1**.

15    7.    The sale of the Property was negotiated at arms' length.  The Buyer and I engaged

16 in discussions regarding the language and terms of the Agreement.  I engaged in no fraud, collusion,

17 or any other type of insider transaction in negotiating the Agreement, and the Buyer received no

18 special treatment or consideration.

19    8.    As part of the proposed sale, I will file a Notice of Sale which will publicize the Sale

20 on the Bankruptcy Court's website.

21    9.    Buyer's offer is the only pending offer made for the Property and I believe it is the

22 only offer likely to be made.  If I am not permitted to sell the Property, I likely will abandon it.  It is

23 my business judgment that the proposed sale is in the best interest of the Estate.

24    10.    I have been advised that this sale will generate no tax consequences to the Estate.

25    11.    I respectfully submit that the proposed bidding procedures are reasonable, appropriate,

26 and satisfy the business judgment rule.

27

28
<hr>
[2] Capitalized terms have the meaning given them in the Motion.

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    12.    To my knowledge, the Buyer has no relation or connection to the Honorable Neil W.

2   Bason, to the Office of the United States Trustee or to me.

3    13..    I have reviewed the proofs of claim filed by the Debtor's secured creditors and I

4   believe none of these creditors hold liens against the Property.  I am not aware of any competing

5   claims to the Property.

6    I declare under penalty of perjury under the laws of the United States of America that the

7   foregoing is true and correct.

8    Executed on July 10, 2017, at Los Angeles, California.

9

10    _/s/ David M. Goodrich_
    David M. Goodrich

11    Chapter 7 Trustee

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

ALS\ 2589396.1

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

## DECLARATION OF STEVE SOMMER[3]

I, Steve Sommer, declare as follows:

1.    I am an individual over the age of eighteen. I have personal knowledge of the information contained herein and if called upon to testify, I could and would competently testify thereto.

2.    I am the proposed buyer for the purchase of the Estate's interest in the "MEDomics" name, and any and all forms of such name used by Debtor prior to the Petition Date, including any and all domain names and URL's.

3.    To the best of my knowledge, I do not have any relation to the Chapter 7 Trustee David M. Goodrich, his agents and employees, or any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee.

4.    The price I have agreed to pay the Trustee was reached during an arms-length negotiation with the Trustee through his agents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 6, 2017, at Azusa, California.

Steve Sommer

---

[3] Capitalized terms have the meaning given them in the Motion.

**EXHIBIT 1**

## SALE AGREEMENT

This **SALE AGREEMENT** ("Agreement") is hereby made and entered into June *28* 2017 ("Effective Date") by and between David M. Goodrich ("Seller" or "Trustee"), solely in his capacity as the Chapter 7 trustee of MEDomics, LLC ("MEDomics" or "Debtor") Case No. 2:16-bk-14355 NB ("Estate") in the United States Bankruptcy Court for the Central District of California, Los Angeles Division ("Bankruptcy Court") and Steve Sommer ("Dr. Sommer" or "Buyer"). The Trustee and Dr. Sommer are collectively referred to herein as "Parties" and individually as "Party."

### I.

### RECITALS

A.    WHEREAS, MEDomics filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, designated Case No. 2:16-bk-14355 NB ("Bankruptcy Case") on April 5, 2016 ("Petition Date");

B.    WHEREAS, the Debtor operated as a debtor in possession until June 15, 2016, when the Bankruptcy Court entered an order approving the appointment of the Trustee as Chapter 11 Trustee of the Estate. From this date until December 16, 2016, when the Court entered an order converting the case to one under Chapter 7 of the Bankruptcy Code [Docket No. 228], the Trustee acted as the duly authorized and acting Chapter 11 Trustee of the Estate. On December 19, 2016, the Trustee accepted his appointment as Chapter 7 Trustee and has acted as the duly authorized and acting Chapter 7 Trustee of the Estate;

C.    WHEREAS, Buyer desires to purchase from Seller, and Seller desires to sell to Buyer, Seller's right, title and interest the "MEDomics" name ("Asset"), free and clear of any liens, all subject to the terms and conditions set forth herein;

D.    WHEREAS, all of the obligations of the Parties are conditioned upon the approval of the Bankruptcy Court; and

NOW, THEREFORE, in consideration of the promises and mutual covenants and agreements herein set forth and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties hereby agree as follows:

### TERMS AND CONDITIONS

1. Incorporation of Recitals.

The foregoing Recitals are incorporated herein by reference as though set forth in full.

2. <u>Bankruptcy Court Approval</u>.

The transactions contemplated in this Agreement shall be subject to (i) approval of and by the Bankruptcy Court in the Bankruptcy Case pursuant to an order entered by the Bankruptcy Court ("Sale Order"). In the event there is any inconsistency between the provisions of this Agreement and the Sale Order, the terms and conditions of the Sale Order shall govern.

<u>Motion to Approve Agreement</u>. Seller will, upon execution of this Agreement, file a motion ("Sale Motion") in the Bankruptcy Case seeking Bankruptcy Court authority to enter into this Agreement and for approval of this Agreement. The Sale Order may provide, among other things, the following:

    (a)    approval of the proposed sale, transfer and conveyance of the Asset to Buyer free and clear of all liens, claims, and interests;

    (b)    include a direction that Seller and Buyer consummate the transaction contemplated in this Agreement in accordance with the terms hereof;

    (c)    include a waiver of the fourteen (14) day stay periods set forth in Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure;

    (d)    include a finding that the purchase price is a fair and reasonable price for the Asset and other provisions of this Agreement; and

    (e)    include provisions for the retention of jurisdiction by the Bankruptcy Court over matters relating to the transaction contemplated in this Agreement, including matters relating to title to the Asset and claims against the Asset.

3. <u>Included Asset</u>

The Asset includes all of the Estate's right, title and interest in the "MEDomics" name, and any and all forms of such name used by Debtor prior to commencement of its Bankruptcy Case, including any and all (1) domain names; and (2) URL's.

4. <u>Excluded Assets</u>

All other assets of the Estate.

5. <u>Sale/Purchase Price</u>

    a.    Subject to Bankruptcy Court approval under 11 U.S.C. Section 363(b), the Seller agrees to sell to Buyer and Buyer agrees to purchase from the Estate, the Asset in exchange for the total sum payment of $5,000.00 ("Purchase Price").

    b.    Buyer shall pay all transfer and sales taxes due for this transaction.

    c.    The provisions of this Agreement are expressly conditioned and shall only become effective and binding upon the Parties if and when the Bankruptcy Court enters a final, non-appealable order authorizing the sale of the Asset on the terms and conditions set forth in this Agreement.

DMGA2580955.1

2

14

    d.     The sale of the Asset will be subject to overbid. It shall be in the sole discretion of the Trustee to accept or reject any overbid presented. The overbid procedures will include a requirement that any overbid include as part of the overbid an amount sufficient to pay for any post-petition liability of the Estate to the Buyer. If Buyer is not the successful Buyer after the conclusion of any overbidding, this Agreement terminates and is of no force or effect.

    e.     Upon approval of the Agreement by the Bankruptcy Court, the Seller shall execute any and all documents necessary to evidence a transfer of the Asset from the Estate/Debtor to Buyer.

6. Representations and Warranties.

    a.     The Trustee shall use his best efforts to cause the Bankruptcy Court to enter an Order approving this Agreement. The Trustee does not, however, warrant that any motion to approve this Agreement will be granted by the Court. The Trustee will not file any motion to approve this Agreement unless and until Buyer delivers a signed copy of this Agreement and the Sale Amount in good funds to the Trustee.

7. Releases.

    a.     Except for obligations created by this Agreement, the Buyer, on his own behalf, his heirs, offspring, executors, administrators, insurance companies, predecessors, successors, assigns, agents, servants, employees, corporations, officers, directors, partnerships, partners, associates, attorneys, representatives, principals, past and present, or anyone else holding a claim by and through the Buyer, does hereby acknowledge and does hereby forever release and discharge the Trustee, in his capacity as the Chapter 11 and 7 trustee of the Estate, as well as the Trustee's heirs, spouses, offspring, executors, administrators, predecessors, successors, assigns, agents, servants, employees, attorneys, representatives, joint ventures, trustees, past and present, and each of them, from any and all claims, demands and causes of action of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, whether concealed or hidden, which either holds against the other. .

    b.     Buyer agrees that neither the Trustee nor any employee, advisor, agent, attorney or other representative of Trustee shall have any person liability under this Agreement or any agreement contemplated hereby including due to the inaccuracy of any representation or warranty or the breach of any covenant or agreement herein or therein. Buyer and Trustee agree that no employee, individual, advisor, agent, attorney or any other representative of Buyer shall have any personal liability under this Agreement or any agreement contemplated hereby including due to the inaccuracy or any representation or warranty or the breach of any covenant or agreement herein or therein. Notwithstanding the foregoing, nothing herein shall in any way preclude or limit Buyer's liability under this Agreement or any agreement contemplated hereby including due to the inaccuracy of any representation or warranty or the breach of any covenant or agreement herein or therein.

15

8. <u>Waiver.</u>

The Buyer acknowledges that he has had the benefit of counsel and have been advised of, understand, and knowingly and specifically waive their rights under California Civil Code § 1542, which provides as follows:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.*

9. <u>Binding Effect.</u>

    a.    This entire Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective employees, agents, representatives, trustees, legal successors and predecessors in interest, assigns, officers, directors, stockholders, any other persons, firms, corporations, related entities, and attorneys.

    b.    As used in this Agreement, each and every reference to the Parties shall be deemed to include each of the individuals or entities specifically stated hereinabove.

    c.    Buyer acknowledges that the Trustee's approval of this Agreement is subject to Bankruptcy Court approval. Without such approval, the Trustee is not bound by the terms of this Agreement.

10. <u>Counterparts.</u>

This Agreement may be executed in one or more counterparts, each of which when so executed shall be an original, but all of which together shall constitute one duly-executed, original agreement. Facsimile signatures and scanned images of documents bearing signatures (including electronically transmitted signatures) shall be deemed original signatures for all purposes irrespective of any jurisdiction's best evidence rule.

11. <u>Severability.</u>

If any provision of this Agreement or the application thereof to any person or circumstance shall be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provision to other persons or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law, but only as long as the continued validity, legality and enforceability of such provision or application does not materially (a) alter the terms of this Agreement, including the exhibits hereto, (b) diminish the benefits of this Agreement, including the exhibits hereto, or (c) increase the burdens of this Agreement, including the exhibits hereto, for any person.

16

12. Construction of Agreement.

This Agreement is the product of negotiation and preparation by and among each Party and his/her/its attorneys. Therefore, the Parties acknowledge and agree this Agreement shall not be deemed prepared or drafted by one party or another and should be construed accordingly.

13. Entire Agreement.

It is expressly understood by the Parties there are no representations, warranties, agreements, arrangements, undertakings, oral or written, between or among the parties hereto relating to the subject matter of this Agreement which are not fully expressed herein. This Agreement constitutes the entire agreement made by and between the Parties pertaining to the subject matter hereof, and fully supersedes any and all prior or contemporaneous understandings, representations, warranties, and agreements made by the parties hereto or their representatives pertaining to the subject matter hereof. No extrinsic evidence whatsoever may be introduced in any judicial proceeding involving the construction or interpretation of this Agreement.

14. Governing Law.

This Agreement shall in all respects be interpreted, construed, enforced, and governed under the laws of the State of California and the United States of America. Any disputes hereunder or related in any manner to this Agreement, or to the Estate, including, without limitation, any dispute relating to the interpretation, meaning or effect of any parties hereof, will be resolved in the United States Bankruptcy Court, Central District of California (Los Angeles Division). The Bankruptcy Court shall hear any action or proceeding filed without a jury.

15. Attorneys' Fees and Costs. Each party shall bear its own expenses and costs, including the fees of any attorney retained by it, incurred in connection with the preparation of this Agreement and the consummation of the transactions contemplated hereby. In the event a dispute arises between Buyer and Seller with respect to this Agreement, or in the event of any action, suit, or other proceeding between Buyer and Seller respect to this Agreement, or on any claim, demand, debt, liability, obligation, account or cause of action herein discharged or released, or contesting the validity of this Agreement, or attempting to interpret, enforce, or obtain any remedy in connection with any provision of this Agreement, or prevent or obtain relief from any breach of this Agreement, whether or not judgment is ultimately obtained, the prevailing party shall recover all of his or its reasonable attorneys' fees and costs incurred in such action, which shall not be limited by California Code of Civil Procedure Section 1033.5 or any statute enacted subsequent to this Agreement. The United States Bankruptcy Court for the Central District of California shall have the exclusive jurisdiction to resolve any dispute between the parties arising out of this Agreement.

17

16. Effective Date.

The Terms and Conditions of this Agreement shall not become effective or binding upon any party hereto unless and until all Parties have executed this Agreement and the Bankruptcy Court has entered an order approving this Agreement.

17. Waiver or Modifications.

No waiver or modification of any of the provisions of this Agreement or of any breach thereof shall constitute a waiver or modification of any other provision or breach, whether or not similar; nor shall any such waiver or modification constitute a continuing waiver. No waiver or modification shall be binding unless executed in writing by the party making the waiver or modification.

IN WITNESS WHEREOF, the undersigned have executed this Agreement on the dates set forth below, and agree as indicated herein.

Dated: _____    By: _____
                                        David M. Goodrich
                                        Chapter 7 Trustee of the Bankruptcy Estate
                                        of MEDomics, Inc.

Dated: 6/28/17 _____    By: _____
                                        Dr. Steve Sommer

APPROVED AS TO FORM:

Dated: _____    SulmeyerKupetz, A Professional Corporation

                                    By_____
                                        Steven F. Werth
                                        Attorneys for David M. Goodrich
                                        Chapter 7 Trustee

Dated: 6/28/17 _____     Barness & Barness LLP

                                    By _____
                                        Daniel I. Barness
                                        Attorneys for Steve Sommer

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, CA 90071-1406.

A true and correct copy of the foregoing document entitled (*specify*):  **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) AUTHORIZING SALE OF PERSONAL PROPERTY OUT OF THE ORDINARY COURSE OF BUSINESS AND FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS; (2) DETERMINING THAT BUYER IS A GOOD FAITH PURCHASER; AND (3) WAIVING THE FOURTEEN (14) DAY STAY PRESCRIBED BY RULE 6004(H) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONs OF DAVID M. GOODRICH AND STEVE SOMMER IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 10, 2017  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kitty A Baker - Creditor Wells Fargo Bank, National Association - kbaker@fabozzimillerlaw.com, dsandoval@fabozzimillerlaw.com
Daniel I Barness – Plaintiff/Creditor Steve S. Sommer - daniel@barnesslaw.com
Michael Jay Berger - Interested Party Courtesy NEF - michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com; michael.berger@ecf.inforuptcy.com
Gregory W Brittain - Other Professional Gregory W. Brittain - gb@gbrittainlaw.com
Alan F Broidy - Creditor Law Offices of Alan F. Broidy, APC - alan@broidylaw.com, sherrie@broidylaw.com
Illyssa I Fogel - Debtor MEDomics, LLC - ifogel@iiflaw.com
David M Goodrich (TR) - GoodrichTrustee@sulmeyerlaw.com, c143@ecfcbis.com
Dare Law - U.S. Trustee United States Trustee (LA) - dare.law@usdoj.gov
Howard N Madris - Interested Party Courtesy NEF - hmadris@madrislaw.com
Edward J Miller – Creditor/Defendant Wells Fargo Bank NA - emiller@fabozzimillerlaw.com, dsandoval@fabozzimillerlaw.com
Cheryl C. Rouse - Creditor Socket Capital, LLC - rblaw@ix.netcom.com
Melanie Scott - U.S. Trustee United States Trustee (LA) - melanie.scott@usdoj.gov
United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov
Steven Werth - Trustee David M Goodrich (TR) - swerth@sulmeyerlaw.com

**2.  SERVED BY UNITED STATES MAIL**: On July 10, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 10, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Neil W. Bason
United States Bankruptcy Court
Roybal Federal Building
255 East Temple Street
Suite 1552
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 10, 2017 | Ann L. Sokolowski | /s/ Ann L. Sokolowski |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                           **F 9013-3.1.PROOF.SERVICE**